MATTER OF B—

In Section 250 Proceedings

A-8362609-11

*Decided by District Director January 7, 1965*

Applications for removal pursuant to the provisions of section 250, Immigration and Nationality Act, are granted a mother and child who are in need of public aid since the husband/father, from whom the mother obtained a divorce in 1964, did not provide for his family subsequent to entry and abandoned them in 1961; the mother, whose health was affected from working at two jobs, is presently unemployed except for occasional domestic jobs which she does in her home; and efforts to obtain support payments from the husband/father have been unsuccessful.

**Discussion:** The first named applicant is a female, citizen of Germany, born in Berlin, Germany on May 10, 1932. She was married in Germany on March 15, 1952 to A—C—B— who was then a member of the United States Armed Forces. He was born at Woonsocket, New Jersey on July 29, 1930. They are parents of three children. The oldest, M—Y—, was born in Germany on July 12, 1950. The other two children, R— and A—, were born in the United States. Both applicants were admitted to the United States at New York City on August 31, 1952 as nonquota immigrants.

The applicants' husband/father did not provide for his family following their arrival in the United States and was disinterested in obtaining employment. The adult applicant was forced to work at two jobs for a total of 16 hours a day. This affected her health and she became ill with pleurisy. Her doctor ordered her not to work for a period of six months, thus she and the children were left without means of support. She was denied welfare assistance for the reason that her husband was employable. She was forced to prostitution as a means of providing her children with food and clothing. She also hoped her husband would be shamed into obtaining employment by her acts. She was convicted on August 8, 1960 in Torrington, Connecticut of having engaged in prostitution, sentenced to

90 days in jail, sentence was suspended for one year and she was placed on probation. Her husband deserted her in April 1961. The children received aid from the Yolo County Welfare Department, Woodland, California from June 1, 1960 through April 30, 1963.

The adult applicant obtained a divorce on April 2, 1964. She worked as a practical nurse and as a cocktail waitress in Las Vegas, Nevada until June 1964 when she contracted pneumonia and was hospitalized for several days. Her children were taken into protective custody by the sheriff's office while she was hospitalized. The boys were first returned to her, but her daughter, the minor applicant, was held in custody for medical examination because of her admission that she engaged in sex acts with a 16 year old boy who was living temporarily in their home. She has since been released to her mother, but the Clark County, Nevada juvenile probation officer reports that she has become an enforcement problem to them.

The adult applicant is presently unemployed except for occasional baby-sitting and washing and ironing which she does in her home. The county authorities are assisting her to obtain support payments from her former husband who is presently apparently in Connecticut, but they have been unsuccessful to date.

The applicants are in need of public aid from causes arising subsequent to their entry and they have applied for removal under the provisions of section 250 of the Immigration and Nationality Act. They have established that they are eligible for removal from the United States. The two minor sons are citizens of the United States, but must accompany their mother if she is removed. She is unable to defray the transportation cost; therefore, such transportation may be at government expense. It is concluded that the applications should be granted.

ORDER: It is ordered that the applications for removal pursuant to the provisions of section 250 of the Immigration and Nationality Act be and are hereby granted.

137